Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff David Robinson

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Robinson, <br><br> Plaintiff, <br> v. <br><br> Lloyd P. Lee, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **Jury Trial Demanded** |

David Robinson ("Plaintiff") alleges the following:

## INTRODUCTION

1. Plaintiff brings this action against Defendant Lloyd P. Lee ("Defendant"), for unlawfully discriminating against Plaintiff because of Plaintiff's disability at the real property located at 6860 Sunkist Drive in Oakland, California ("Property").

2. Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California law.

## PARTIES

3. Plaintiff is a natural person and an adult resident of the San Francisco Bay Area. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4. Defendant is believed to be a natural person who resides in Dublin, California.

5. Defendant owned, managed, operated, or otherwise was responsible for the Property where the Quality Donuts ("Quality Donuts") is located at 6860 Sunkist Drive in Oakland, California.

**JURISDICTION**

6. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

7. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

**VENUE**

8. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property is located inside this district and that Plaintiff's claims arose in this district.

**FACTUAL ALLEGATIONS**

9. Plaintiff suffers from disabilities, and/or medical conditions that are disabilities.

10. Plaintiff is a paraplegic due to a tragic motorcycle accident.

11. Plaintiff requires a wheelchair to facilitate his mobility because of a spinal cord injury.

12. Plaintiff's symptoms substantially limit his major life activities.

13. Plaintiff has at all relevant times, displayed a valid disabled person parking placard issued by the California Department of Motor Vehicles.

14. Plaintiff's lives in the San Francisco Bay Area, not far from Quality Donuts and the Property.

15. Plaintiff's mother lives in Oakland, and Plaintiff receives medical treatment and medications in Oakland not far from Quality Donuts.

16. On February 11, 2023, Plaintiff visited the Quality Donuts located at the Property.

17. Plaintiff has been to the Quality Donuts many times in the past before he became disabled.

18. Plaintiff was very disappointed to return to Quality Donuts to find that Quality Donuts does not offer any accessible parking whatsoever.

19. Providing designated parking for disabled access at a business like a donut shop is important because it ensures that all customers have equal access to the establishment. Disabled individuals face unique challenges when it comes to accessing public places, and providing designated

parking can make a significant difference in their ability to enter and exit their vehicle safely and easily, especially for people who require the use of a wheelchair to get around and thereby need sufficient space to enter and exit their vehicle and an accessible path of travel to and from the parking and entrances of businesses.

20. The Property is open to the public and its operation affects commerce.

21. The Property is a public accommodations and business establishment. Specifically, Quality Donuts is a restaurant or other establishment serving food or drink and the Property is a commercial property.

22. Quality Donuts and the Property has undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

23. Plaintiff wants to access the facilities and goods and services offered at Quality Donuts and the Property when Defendant removes the accessibility barriers at the Property.

24. Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer embarrassment and humiliation.

### FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

25. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

26. Defendant has denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of Quality Donuts and the Property.

#### Failure to Design and Construct an Accessible Property

27. The improvements at the Property are believed to have been designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

28. Defendant violated the ADA by failing to design and construct the facilities at the Property in a manner that was readily accessible to the physically disabled public, including Plaintiff,

when it was structurally practical to do so.

## Failure to Make an Altered Facility Accessible

29. Plaintiff believes and alleges that the Property was modified after January 26, 1993, independently triggering access requirements under the ADA.

30. The ADA requires properties altered in a manner that affects or could affect its usability be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

31. Defendant altered the Property in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

32. The configuration and condition of the Property denied Plaintiff a public accommodation due to Plaintiff's disability.

33. It is readily achievable for Defendant to remove the architectural barriers.

34. Defendant does not have any legitimate business justification to excuse the condition and configuration of the Property.

35. Defendant's violations are the cause of suffering for Plaintiff.

36. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

37. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

38. The Property is a business establishment.

39. As described above, Defendant intentionally discriminated against Plaintiff during Plaintiff's visit to Quality Donuts at the Property.

40. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.

Cal. Civ. Code 51(f).

41. Defendant' acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

42. Plaintiff was harmed.

43. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

44. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

45. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

46. Although the plaintiff encountered frustration and difficulty by facing discriminatory barriers, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this modest physical personal injury greater than the amount of the statutory damages.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendant to cease its discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: March 3, 2023
Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff